**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT EUGENE THOMAS,**

    **Plaintiff,**

vs.                                                      Case No. 4:12cv570-SPM/CAS

**KENNETH TUCKER, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

On October 26, 2012, the pro se Plaintiff filed a complaint, doc. 1, and a motion for leave to proceed in forma pauperis, doc. 2. The motion was granted, doc. 4, and Plaintiff has until November 29, 2012, to submit the assessed partial filing fee.

On November 19, 2012, Plaintiff filed a motion for a temporary restraining order or, in the alternative, an expedited preliminary injunction. Doc. 5. Although Plaintiff has not yet paid the assessed partial filing fee, the motion for an expedited preliminary injunction has been reviewed.

As part of his request for relief, Plaintiff seeks an order "to immediately direct Hematologist, Vernon Montoya, to raise Mr. Thomas's platelets to 100,000 cells/mn or more . . . ." *Id.* at 1. Plaintiff also requests that various Defendants be required to

"immediately perform a biopsy and/or recommend immediate treatment" and approve Plaintiff for certain types of treatment, and direct Plaintiff's transfer to "whichever of the three Institutions on his approved good-adjustment-transfer-list is best suited to administer a 48-week treatment of Teleprevir and Boceprevir combined with Pegasys and Copegus." *Id.* at 2.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff's complaint alleges deliberate indifference to Plaintiff's serious medical needs.  Doc. 1.  Plaintiff contends that the Department of Corrections has delayed medical care for his Chronic hepatitis C and will not perform a biopsy.  *Id.*  While this report and recommendation does not discard the possibility of Plaintiff's success in this case, it cannot be said at the outset that Plaintiff faces a substantial likelihood of success on the merits.  That is so because it has long been held that deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment, but medical malpractice does not constitute deliberate indifference.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976).  "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991), citing <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989).  For example, in <u>Estelle</u>, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests.  The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.  "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  <u>Hill</u>,

40 F.3d at 1187.  Plaintiff may be able to meet that requirement after service of the complaint and a discovery period, but review of Plaintiff's complaint suggests that this case is based upon Plaintiffs disagreement with medical judgment and the recommended course of treatment, and that claim is not likely to prevail.  Therefore, because Plaintiff has not met all four of the prerequisites for relief, the motion for an expedited preliminary injunction and temporary restraining order, doc. 5, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order or, in the alternative, an expedited preliminary injunction, doc. 5, be **DENIED** as Plaintiff has not shown a substantial likelihood of success, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 26, 2012.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**