**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT EUGENE THOMAS,**

    **Plaintiff,**

vs.                                                               **Case No. 4:12cv570-SPM/CAS**

**DR. RADI, and
DR. COLOMBANI,**

    **Defendants.**

                                      /

## SECOND REPORT AND RECOMMENDATION

An Order was entered in December 2012, directing the pro se Plaintiff to file an amended complaint.  Doc. 11.  Plaintiff has now filed an amended complaint, doc. 15, and two days later Plaintiff filed an Addendum, doc. 17, to the amended complaint. Because litigation cannot proceed in piecemeal fashion, Plaintiff should be required to submit a second amended complaint which contains all factual allegations in one document.

However, Plaintiff's amended complaint demonstrates that Plaintiff is incarcerated at Hamilton Correctional Institution, as is Defendant Colombani.  The second named Defendant, Dr. Radi, is located at the North Florida Medical and Reception Center in Lake Butler, Florida.  Doc. 15.  Therefore, because the events at issue in this case and all Defendants are located in the Middle District of Florida, the

proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division. This case should be transferred to the Middle District of Florida for all further proceedings, including review of Plaintiff's second motion for a temporary restraining order, doc. 16.[1]

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings, including review of the in forma pauperis motion.

**IN CHAMBERS** at Tallahassee, Florida, on January 22, 2013.

                            S/    Charles A. Stampelos
                            **CHARLES A. STAMPELOS**
                            **UNITED STATES MAGISTRATE JUDGE**

---

[1] A report and recommendation was entered on November 26, 2012, recommending denying Plaintiff's first such motion.  Docs. 5, 7.  That report and recommendation is still pending.

Case No. 4:12cv570-SPM/CAS

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**